20-1488-cv
*Brooks v. Dash*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.

PRESENT:     PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
             WILLIAM J. NARDINI,
                      *Circuit Judges.*

———————————————————————

EDWYNA W. BROOKS d/b/a EW BROOKS BOOKS LLC,

　　　　　　*Plaintiff-Appellee*,                         20-1488-cv

　　　　　v.

DAMON ANTHONY DASH and POPPINGTON LLC
d/b/a DAMON DASH STUDIOS,

　　　　　　*Defendants-Appellants.*

———————————————————————

**FOR PLAINTIFF-APPELLEE:**          Christopher Brown, Brown & Rosen
                                     LLC, Boston, MA.

**FOR DEFENDANTS-APPELLEES:**        Natraj S. Bhushan, Turturro Law, P.C.,
                                     Brooklyn, NY.

Appeal from a final judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendants-Appellants Damon Dash and Poppington LLC, d/b/a Damon Dash Studios (hereinafter "Dash"), appeal an April 14, 2020 judgment of the District Court in favor of Plaintiff-Appellee Edwyna Brooks. Brooks brought a copyright infringement claim for Dash's marketing and selling of the film "Mafietta" on iTunes and the Dame Dash Studios website in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* The District Court awarded Brooks $300,000 in total damages and permanently enjoined Dash from marketing, advertising, promoting, distributing, selling, or copying the film without Brooks's consent. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At a bench trial before the District Court, Dash presented as a defense to copyright infringement that the film was a "joint work," meaning that he, as "co-author," co-owned the copyright in the film and thus could not be liable for copyright infringement. Under the Copyright Act, a "joint work" is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. A co-authorship claimant must show, *inter alia*, "that 'each of the putative co-authors . . . fully intended to be co-authors.'" *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 255 (2d Cir. 2015) (quoting *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998)). To determine whether this mutual intent requirement is satisfied, a court conducts a "nuanced inquiry into factual indicia of ownership and authorship, such as how a collaborator regarded herself in relation to the work in terms of billing and credit, decisionmaking, and the right to enter into contracts." *Thomson*, 147 F.3d at 201 (citing *Childress v. Taylor*, 945 F.2d 500, 508–09 (2d Cir. 1991)). We review the District Court's findings of fact for clear error, including the issue of intent, and we review *de novo* the application of facts to draw conclusions of law. *Thomson*, 147 F.3d at 199.

The District Court granted judgment in favor of Brooks based on its finding that Brooks and Dash did not intend to be co-authors. *Brooks v. Dash*, 454 F. Supp. 3d 331, 337–38 (S.D.N.Y. 2020). In support of this conclusion, the District Court found that Brooks credibly testified at trial that "Dash was employed under the doctrine of work for hire and that it was never intended that he be a co-author of the film." *Id.* at 337. Brooks testified that the agreement was that Dash would provide directing and marketing services for the film in return for a royalty of 50 percent. App'x 76, 83. The District Court also examined unexecuted versions of the Mafietta Motion Picture Director's Agreement and found that all three drafts contained an identical work-for-hire provision and a post-production clause that stated that Brooks (as producer), not Dash (as director) would make all final decisions with respect to the film and its release. *Brooks*, 454 F. Supp. 3d at 337. Likewise, in an email Brooks sent to Dash one month after filming was completed, Brooks stated: "I am not offering creative control. I am offering a chance for you to bring an edit to the table … I will maintain final

2

approval. I have no issue with paying out the 50% we discussed. However, I have a big issue with the word OWN as the book, sizzle, and script were complete when I met you." *Id.* The District Court found that Dash's testimony that both parties intended Dash to be a co-author lacked both witness credibility and corroboration by documentary evidence. *Id.* at 338.

Dash argues on appeal that the parties orally agreed to a 50/50 split in ownership. But the District Court found Dash's testimony unpersuasive. Upon our review of the record, we find no clear error in this determination. Dash also emphasizes his substantial contributions to the film, including choosing some cast and crew, shooting and directing the film, and making creative decisions including product placement. However, in light of the District Court's findings noted above, these alleged contributions to the film do not evince mutual intent of co-authorship; rather, they reflect the provision of services for which Brooks offered to split the film's profits 50/50. Nor is there merit to Dash's contention that he was the "dominant author" of the film (and therefore the copyright owner). Especially in light of Brooks's evidence, which the District Court credited, that she had written not only the *Mafietta* book series, of which the film was an adaptation, but also the film script and rewrites, the District Court reasonably concluded that Brooks was the dominant author. *Id.* at 337–38 & n.8; *see also 16 Casa Duse*, 791 F.3d at 260 ("In cases in which none of the multiple-author scenarios specifically identified by the Copyright Act applies, but multiple individuals lay claim to the copyright in a single work, the dispositive inquiry is which of the putative authors is the dominant author.") (internal quotation marks omitted). Accordingly, we find no clear error in the District Court's findings of fact and we affirm its conclusions of law.

Regarding damages, Dash argues that the District Court's $300,000 award of actual damages was unduly speculative and/or clearly erroneous because it exceeds the cost of producing the film and profits attributable to the infringement, and relies on misguided expert testimony. "We review the method of calculation of damages *de novo*, and the actual calculation of damages for clear error." *Hamil America Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999). Brooks sought actual damages under the Copyright Act, 17 U.S.C. § 504(b). As actual damages under the Copyright Act include lost profits and injury to the copyright's value, *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1118–19 (2d Cir. 1986), the District Court properly considered indirect evidence of the profits that Brooks might have earned if not for Dash's infringement.

Dash further contends that the calculated damages improperly reflect loss of gross revenue rather than income or profit for Brooks. But Dash failed to raise this argument before the District Court, and he has not demonstrated that the District Court's award was clearly erroneous. *See Rana v. Islam*, 887 F.3d 118, 122 (2d Cir. 2018). Additionally, "[c]ourts and commentators agree [that the term 'actual damages'] should be broadly construed to favor victims of infringement." *On Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). When courts are confronted with imprecision in calculating damages, they "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Soc. Magazine*, 778 F.2d 89, 95 (2d Cir. 1985). *See also* 4 Melville B. Nimmer &

David Nimmer, *Nimmer on Copyright* § 14.02[A][3] ("Uncertainty will not preclude recovery of actual damages if the uncertainty is as to amount, not as to whether actual damages are attributable to the infringement.") (collecting cases).

## CONCLUSION

We have reviewed the remaining arguments raised by Dash on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 14, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk